UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YASIN ACAR, DEVRAN BAYAZIT, FIRAT KILIC and SUAT KILIC, *on behalf of themselves and all other persons similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>ICOOL LLC, JOHNSON GROUP LLC and MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON,<br><br>Defendants. | Case No.:    2:25-cv-4031<br><br>**COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION** |

Plaintiffs, YASIN ACAR, DEVRAN BAYAZIT, FIRAT KILIC and SUAT KILIC ("Plaintiffs"), on behalf of themselves and all others similarly situated, by his attorneys of record, Sacco & Fillas, LLP, complaining of ICOOL LLC, JOHNSON GROUP LLC and MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON, (Collectively, "Defendants"), respectfully alleges, upon information and belief, as follows:

**1. NATURE OF THE COMPLAINT**

1.      This is a wage and hour action. Plaintiffs seek to recover unpaid minimum and overtime wages, statutory and liquidated damages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and New Jersey law.

**2. JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the N.J.S.A. § 34:11-56a, et seq., and N.J.S.A. § 11:4-1 et. seq.

3.      Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Defendant ICOOL LLC is located and operated by Defendants in the District of New Jersey at 14 Madison Road, Fairfield, NJ 07004.

1

4.     Venue is proper in the District of New Jersey under 28 U.S.C. § 1391, as Defendant JOHNSON GROUP LLC is located and operated by Defendants in the District of New Jersey at 14 Madison Road, Fairfield, NJ 07004.

**3.  PARTIES**

**3.1.  Plaintiff YASIN ACAR**

5.     Defendants employed Plaintiff YASIN ACAR from approximately June 1, 2023, to January 31, 2025.

6.     Plaintiffs YASIN ACAR worked as a warehouse worker, installer, driver, and project manager.

7.     Plaintiff YASIN ACAR worked at 14 Madison Road, Fairfield, NJ 07004.

8.     Plaintiff, YASIN ACAR, was engaged in, inter alia, the servicing refrigeration, installing cooling box refrigeration.

9.     Throughout his employment, Plaintiff, YASIN ACAR, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

**3.2.  Plaintiff DEVRAN BAYAZIT**

10.     Defendants employed Plaintiff DEVRAN BAYAZIT from approximately August 7, 2024, to December 30, 2024.

11.     Plaintiff DEVRAN BAYAZIT worked as a warehouse worker and installer.

12.     Throughout his employment, Plaintiff, DEVRAN BAYAZIT, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

**3.3.  Plaintiff SUAT KILIC**

13.     Plaintiff SUAT KILIC worked for Defendants from approximately October 1, 2024, to approximately January 15, 2025.

14.     Plaintiff SUAT KILIC worked as a warehouse worker and installer.

15.    Defendants within the meaning of the FLSA and New Jersey state law.

### 3.4. Plaintiff FIRAT KILIC

16.    Defendants employed Plaintiff FIRAT KILIC from approximately May 13, 2023, to approximately March 8,2024.

17.    Plaintiff FIRAT KILIC worked as a warehouse worker and installer.

18.    Throughout his employment, Plaintiff, FIRAT KILIC, was an employee of Defendants within the meaning of the FLSA and New Jersey state law.

### 3.5. Defendant ICOOL LLC

19.    Defendant ICOOL LLC, entity ID #0450202891, is a New Jersey domestic business corporation, licensed to do business, and doing business, in the State of New Jersey.

20.    Defendant ICOOL LLC maintains its principal place of business at 14 Madison Rd, Fairfield, NJ 07004. https://www.icoolref.com/about-us.

21.    Defendant ICOOL LLC provides commercial refrigeration solutions to businesses. https://www.icoolref.com/about-us.

22.    Defendant ICOOL LLC maintains a business warehouse located at 300 State Street, Mount Bethel, PA 18343.

23.    Defendant ICOOL LLC's hours of operation were seven days per week.

24.    Defendant ICOOL LLC had power to pay Plaintiffs and similarly situated employees. For example, Defendant ICOOL LLC paid Plaintiff Firat Kilic.

25.    Upon information and belief, Defendant ICOOL LLC is still an active business as an ongoing concern.

26.    Upon information and belief, Defendant ICOOL LLC maintains a business account with Chase Bank.

27.    Upon information and belief, Defendant ICOOL LLC maintains a business account

with Bank of America.

28.     Defendant ICOOL LLC had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, direct, and supervise Plaintiffs, set Plaintiffs' amount, rate and method of payment, and maintain payroll records concerning Plaintiffs.

29.     Defendant ICOOL LLC was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

30.     Defendant ICOOL LLC employed Plaintiffs within the meaning of the FLSA and N.J.S.A.

31.     Defendant ICOOL LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

32.     Defendant ICOOL LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

33.     In the three years preceding the filing of this Complaint, Defendant ICOOL LLC has had an annual gross volume of sales in excess of $500,000.00.

**3.6. Defendant JOHNSON GROUP LLC**

34.     Defendant JOHNSON GROUP LLC, entity ID #0450123079, is a New Jersey domestic business corporation, licensed to do business and doing business in the State of New Jersey.

35.     Defendant JOHNSON GROUP LLC maintains its business and principal executive office address at 14 Madison Road, Fairfield, NJ 07004

36.     Defendant JOHNSON GROUP LLC made several payments of purported wages or compensation from its accounts directly to Plaintiffs.

37.     Defendant JOHNSON GROUP LLC's hours of operation were seven days per

week.

38.     Upon information and belief, Defendant JOHNSON GROUP LLC is still an active business as an ongoing concern.

39.     Upon information and belief, Defendant JOHNSON GROUP LLC maintains a business account with Chase Bank.

40.     Upon information and belief, Defendant JOHNSON GROUP LLC maintains a business account with Bank of America.

41.     Defendant JOHNSON GROUP LLC had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, direct, and supervise Plaintiffs, set Plaintiffs' amount, rate and method of payment, and maintain payroll records concerning Plaintiffs.

42.     Defendant JOHNSON GROUP LLC was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

43.     Defendant JOHNSON GROUP LLC employed Plaintiffs within the meaning of the FLSA and N.J.S.A.

44.     Defendant JOHNSON GROUP LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

45.     Defendant JOHNSON GROUP LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

46.     In the three years preceding the filing of this Complaint, Defendant JOHNSON GROUP LLC has had an annual gross volume of sales in excess of $500,000.00.

### 3.7.  Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON

47.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON is the owner of Defendant ICOOL LLC.

48.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON is the owner of Defendant JOHNSON GROUP LLC.

49.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON's address is 394 Terhune Drive, Wayne, NJ 07470.

50.      Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON is the principal of Defendant ICOOL LLC.

51.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON is the principal of Defendant JOHNSON GROUP LLC.

52.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON holds himself out and represents that he is the owner of the Defendant ICOOL LLC.

53.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON holds himself out and represents that he is the owner of the Defendant JOHNSON GROUP LLC.

54.     The business email address for Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON is info@icoolref.com

55.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON owns, operates, or manages the phone number 844-664-2665.

56.     Throughout Plaintiffs' employment, Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON managed Plaintiffs' work.

57.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON participated in hiring Plaintiffs and similarly situated employees.

58.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON had power to terminate Plaintiffs and similarly situated employees.

59.     Throughout Plaintiffs' employment, Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON determined rates of pay of Plaintiffs and similarly situated

employees.

60.     Throughout Plaintiffs' employment, Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON exercised control over payroll records of Plaintiffs and similarly situated employees.

61.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON hired Plaintiff YASIN ACAR.

62.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON supervised Plaintiff YASIN ACAR.

63.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON set work hours of Plaintiff YASIN ACAR.

64.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON paid Plaintiff YASIN ACAR.

65.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON kept payroll records regarding Plaintiff YASIN ACAR to the extent that such records existed.

66.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON hired Plaintiff DEVRAN BAYAZIT.

67.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON supervised Plaintiff DEVRAN BAYAZIT.

68.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON set the work hours of Plaintiff DEVRAN BAYAZIT.

69.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON paid Plaintiff DEVRAN BAYAZIT.

70.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON kept payroll records regarding Plaintiff DEVRAN BAYAZIT to the extent that such records existed.

71.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON fired Plaintiff DEVRAN BAYAZIT.

72.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON paid Plaintiff SUAT KILIC.

73.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON controlled and managed the payroll records.

74.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON kept payroll records regarding Plaintiff SUAT KILIC to the extent that such records existed.

75.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON hired Plaintiff YASIN ACAR.

76.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON supervised Plaintiff FIRAT KILIC.

77.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON set work hours of Plaintiff FIRAT KILIC.

78.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON paid Plaintiff FIRAT KILIC.

79.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON kept payroll records regarding Plaintiff FIRAT KILIC to the extent that such records existed.

80.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON exercised sufficient control over Defendant ICOOL LLC's operations to be considered Plaintiffs' employer under the FLSA and the N.J.S.A.

81.     Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON exercised sufficient control over Defendant JOHNSON GROUP LLC's operations to be considered Plaintiffs' employer under the FLSA and the N.J.S.A.

82.    Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON had power to hire and fire Plaintiffs, set Plaintiffs' work schedules, directed, and supervised Plaintiffs in at work, set Plaintiffs' amount, rate and method of payment, and maintained payroll records concerning Plaintiffs.

83.    At all times alleged herein, Defendant MEHMET SALIH ERCAN A/K/A MATTHEW JOHNSON was Plaintiffs' employer within the meaning of the FLSA and N.J.S.A.

## 4. FACTUAL ALLEGATIONS

### 4.1. Recordkeeping Allegations

84.    Defendant failed to record the start and end times of each work shift of each Plaintiff and similarly situated employees.

85.    Defendants failed to keep accurate records containing the name and address of each employee.

86.    Defendants failed to keep accurate records containing total hours worked each day of each Plaintiff and similarly situated employees.

87.    Defendants failed to keep accurate records containing the wages paid to each Plaintiff and similarly situated employees.

88.    Defendants failed to keep accurate records containing the regular hourly wage paid to each Plaintiff and similarly situated employees.

89.    Defendants failed to keep accurate records containing the gross and net amounts with itemized deductions and the basis on which wages were paid to each Plaintiff and similarly situated employees.

90.    Defendants failed to keep a record showing the exact schedule of daily and weekly work hours that each Plaintiff and similarly situated employees were expected to follow.

91.    Defendants did not keep accurate payroll records for six years for each Plaintiff and

similarly situated employees.

92.     Upon information and belief, Defendants did not conspicuously post a notice in a place accessible to all employees of the employer's obligation to keep wage records.

**4.2.** **Wage and Hour Allegations**

**4.2.1.** **Plaintiff YASIN ACAR**

93.     Plaintiff Yasin Acar worked approximately seven days per week, from around 6:00 A.M. to 12:00 A.M., Monday through Sunday, totaling approximately 126 hours per week.

94.     From June 1, 2023, through January 31, 2024, Plaintiff Yasin Acar was paid a fixed monthly salary of $3,000.00.

95.     From February 1, 2024, through November 30, 2024, Plaintiff Yasin Acar was paid a fixed monthly salary of $3,500.00.

96.     From December 1, 2024, through January 31, 2025, Plaintiff Yasin Acar was paid a fixed monthly salary of $4,500.00.

97.     Plaintiff Yasin Acar's pay rate remained the same regardless of the number of hours worked each week.

98.     Plaintiff Yasin Acar did not receive additional compensation when working more hours.

99.     Plaintiff Yasin Acar was not paid overtime at a rate of one and one-half times the regular rate for hours worked in excess of 40 hours per week.

100.    Plaintiff Yasin Acar received several traffic violations during the course of employment but was not reimbursed by Defendants.

101.    Plaintiff Yasin Acar was involved in a work-related accident and was not reimbursed by Defendants for the resulting medical expenses.

102.    Defendants promised Plaintiff Yasin Acar a 10% share of the revenue for each

completed project; however, this share has not been paid.

### 4.2.2. **Plaintiff DEVRAN BAYAZIT**

103.    Plaintiff Devran Bayazit worked approximately seven days per week, from around 7:00 A.M. to 10:00 P.M., Monday through Sunday, totaling approximately 105 hours per week.

104.    From August 7, 2024, through December 30, 2024, Plaintiff Devran Bayazit was paid a fixed monthly salary of $3,000.00.

105.    Plaintiff Devran Bayazit's pay rate did not vary based on the number of hours worked.

106.    Plaintiff Devran Bayazit did not receive increased pay for working additional hours.

107.    Plaintiff Devran Bayazit was not paid overtime at a rate of one and one-half times the regular rate for hours worked in excess of 40 hours per week.

108.    Plaintiff Devran Bayazit was not given his final paycheck, which was approximately $1,750.00.

109.    Defendants promised Plaintiff Devran Bayazit a 10% share in the revenue from each completed project; however, this share has not been paid. (The total amount owed is to be determined once records of all completed projects are received.)

### 4.2.3. **Plaintiff SUAT KILIC**

110.    Plaintiff Suat Kilic worked approximately seven days per week, from around 7:00 A.M. to 10:00 P.M., Monday through Sunday, totaling approximately 105 hours per week.

111.    Plaintiff Suat Kilic was paid a fixed monthly salary of $3,500.00 during the following periods:

a.    November 10, 2023 through December 2, 2023

b.    January 14, 2024 through January 22, 2024

c.    March 10, 2024 through March 31, 2024

d.  April 14, 2024 through April 30, 2024

e.  October 1, 2024 through January 15, 2025

112.    Plaintiff Suat Kilic's pay rate did not vary based on the number of hours worked.

113.    Plaintiff Suat Kilic did not receive additional compensation when working more hours.

114.    Plaintiff Suat Kilic was not paid overtime at a rate of one and one-half times the regular rate for hours worked in excess of 40 hours per week.

115.    Defendants promised Plaintiff Suat Kilic a 10% share in the revenue from each completed project; however, this share has not been paid. (The total amount owed is to be determined once records of all completed projects are received.)

### 4.2.4.  **Plaintiff FIRAT KILIC**

116.    Plaintiff Firat Kilic worked approximately seven days per week, from around 8:00 A.M. to 11:00 P.M., Monday through Sunday, totaling approximately 105 hours per week.

117.    From May 13, 2023, through March 8, 2024, Plaintiff Firat Kilic was paid a fixed monthly salary of $3,000.00.

118.    Plaintiff Firat Kilic's pay rate remained unchanged regardless of the number of hours worked.

119.    Plaintiff Firat Kilic did not receive increased pay for working additional hours.

120.    Plaintiff Firat Kilic was not paid overtime at a rate of one and one-half times the regular rate for hours worked over 40 per week.

## 5.  **COLLECTIVE ACTION ALLEGATIONS**

121.    Plaintiffs bring the claims in this Complaint under the FLSA and the New Jersey Wage and Hour Law (N.J.S.A.) on behalf of themselves and all similarly situated individuals who are current or former non-exempt employees of Defendants and who have worked for Defendants at

12

any time during the six years preceding the filing of this action, and who elect to opt in to this case (the "Collective").

122.    The collective and class consists of non-exempt employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them minimum and overtime wages.

123.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the collective and class by engaging in a pattern, practice, and/or policy of violating the FLSA and N.J.S.A. This pattern, practice, and/or policy includes, inter alia, the following:

> a.    failing to keep accurate records of hours worked by the collective as required by law; and,
>
> b.    failing to pay the collective minimum wages as required by federal and state law;
>
> c.    failing to pay the collective overtime pay for all hours worked over forty.

124.    Defendants have engaged in unlawful conduct by adhering to a corporate policy that minimizes labor costs by denying employees their compensation.

125.    Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the collective and class.

126.    The collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action.

## 6.    <u>CLASS ACTION ALLEGATIONS</u>

127.    Plaintiffs bring this action pursuant to Rules 23(a) and 23(b) of the Rules of Civil Procedure, on behalf of herself and the following Class:

all individuals currently or formerly employed by Defendants as non-exempt employees who have not received regular and/or overtime wages that are due and owed to them for overtime hours for six years preceding the date of commencement of this action.

128. The classes are so numerous that joinder of all members is impracticable.

129. There are questions of law or fact common to the class, including but not limited to

    a. Whether employees of Plaintiffs and the proposed class were paid minimum wages at a lawful rate under the N.J.S.A. and implementing regulations;

    b. Whether employees of Plaintiffs and the proposed class were paid overtime at a lawful rate under the N.J.S.A. and implementing regulations;

    c. Whether Defendants maintained payroll records as required under the N.J.S.A and implementing regulations;

    d. Whether Defendants' violations were knowing and/or willful and implementing regulations;

130. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

131. The representative parties will fairly and adequately protect the interests of the class.

132. Prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

133. Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

134.   The questions of law or fact common to class members predominate over any questions affecting only individual members,

135.   A class action is superior to other available methods for fairly and efficiently adjudicating the controversy given the class members' interests in individually controlling the prosecution or defense of separate actions, the extent and nature of any litigation concerning the controversy already begun by or against class members, the desirability or undesirability of concentrating the litigation of the claims in the forum, the likely difficulties in managing a class action.

## 7.  CLAIMS

### 7.1.  FIRST CLAIM – Fair Labor Standards Act – Unpaid Minimum Wage

136.   Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

137.   Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

138.   Defendants were required to pay Plaintiffs and the collective and class the applicable federal minimum wage rate.

139.   Defendants failed to pay Plaintiffs and the collective and class the minimum wages to which they are entitled under the FLSA.

140.   Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the collective and class.

141.   As a result of defendants' willful violations of the FLSA, Plaintiffs and the collective and class suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

**7.2. SECOND CLAIM – New Jersey Statutes – Unpaid Minimum Wages**

142.    Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

143.    N.J. Stat. Ann. § 34:11-56a and N.J. Admin. Code § 12:56-3.1 requires that employers pay employees a minimum wage for the first forty hours worked in a workweek.

144.    Defendants are Plaintiffs' employers within the meaning of the N.J.S.A.

145.    Defendants failed to pay Plaintiffs and other similarly situated employees the minimum wages to which they were entitled to under the N.J.S.A. and its supporting regulations.

146.    Defendants willfully violated the N.J.S.A. § 34:11-4:1, et. seq. and N.J. Admin. Code § 12:56-3.1 by knowingly and intentionally failing to pay Plaintiffs the correct minimum hourly wage.

147.    As a result of Defendants' violations of the N.J.S.A. and N.J. Admin. Code § 12:56-3.1, Plaintiffs and other similarly situated employees are entitled to recover unpaid minimum wages, reasonable attorneys' fees and costs, liquidated damages, and pre- and post-judgment interest.

**7.3. THIRD CLAIM - Fair Labor Standards Act - Unpaid Overtime Wages**

148.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

149.    Defendants were required to pay Plaintiffs and the collective and class one and one-half (1 and 1/2) times their regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

150.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiffs and the collective and class.

151.    Defendants failed to pay Plaintiffs and the collective and class the overtime wages to which they were entitled under the FLSA.

152.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the collective and class the proper overtime wage rate.

153.    Due to Defendants' violations of the FLSA, Plaintiffs and the collective and class are

entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**7.4. <u>FOURTH CLAIM - New Jersey Statutes - Unpaid Overtime Wages</u>**

154.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

155.    Under New Jersey State Wage and Hour Law, Defendants were required to pay Plaintiffs and other similarly situated employees one and one-half (1 ½) times their regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek. N.J. Admin. Code § 12:56-6.1.

156.    Defendants failed to pay Plaintiffs and other similarly situated employees the overtime wages to which they were entitled to under the N.J.S.A. and its supporting regulations.

157.    Defendants willfully violated the N.J.S.A. and its supporting regulations by knowingly and intentionally failing to pay Plaintiffs and other similarly situated employees overtime wages.

158.    Due to Defendants' willful violations of the N.J.S.A. and N.J. Admin. Code § 12:56-6.1 Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs, liquidated damages, and pre-judgment and post-judgment interest.

**7.5. <u>FIFTH CLAIM – New Jersey Wage and Hour Law – Unpaid Wages</u>**

159.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

160.    At all relevant times, Defendants employed Plaintiffs within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

161.    At all relevant times, Defendants failed to pay Plaintiff wages for all hours worked in

violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

162.    Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

163.    As a result of the foregoing violations, Plaintiffs are entitled to recover from Defendants unpaid wages, liquidated damages, interest, reasonable attorney's fees, as well as costs and disbursements of this action, pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

## 7.6. <u>SIXTH CLAIM – New Jersey Wage and Hour Law – Failure to Provide Wage Statements</u>

164.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

165.    Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing, among other information, the dates of work covered by that payment of wages, Plaintiff's regular and overtime rates of pay, and the number of regular and overtime hours worked, in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

166.    Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law,

N.J.S.A. 34:11-56a, et seq.

167.    As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants a penalty pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq, and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

### 7.7. SEVENTH CLAIM – New Jersey Wage and Hour Law – Failure to Provide Hiring Notices

168.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

169.    Defendants failed to furnish Plaintiff at the time of hiring with a notice stating their rights as an employee under the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

170.    Defendants' foregoing conduct constituted a willful violation and lacked a good faith basis within the meaning of the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

171.    As a result of the foregoing violations, Plaintiff is entitled to recover from Defendants a penalty pursuant to the New Jersey Wage Payment Law, N.J.S.A. 34:11-1, et seq., the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a, et seq., and the New Jersey Wage Theft Law, N.J.S.A. 34:11-56a, et seq.

### 8. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiffs respectfully prays for judgment against Defendants providing the following relief:

172.    Certify this action as a collective and class action pursuant to the Fair Labor

Standards Act, 29 U.S.C. § 216(b), and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, et seq.;

173.    Order Defendants to provide notice to all individuals similarly situated to Plaintiffs, advising them of their right to opt into this action as part of the FLSA collective action and to join the class action under the New Jersey Wage and Hour Law;

174.    Award Plaintiffs and the collective/class members unpaid minimum wages, overtime wages, and any other compensation due under the Fair Labor Standards Act and the New Jersey Wage and Hour Law;

175.    Award liquidated damages equal to the amount of unpaid wages under the Fair Labor Standards Act and the New Jersey Wage and Hour Law for the period of the violations, as appropriate;

176.    Award pre-judgment and post-judgment interest on all amounts due;

177.    Award reasonable attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b) and N.J.S.A. 34:11-56a;

178.    Award any other relief that the Court deems just and proper, including any penalties as provided under New Jersey Wage and Hour Law for failure to provide wage statements, hiring notices, and any other violations of the state wage and hour statutes.

179.    Order Defendants to take corrective action to remedy their unlawful employment practices, including but not limited to the correction of wage records, the provision of required notices, and the payment of all back wages, liquidated damages, and penalties.

9. **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiffs demand a trial by jury in this action on all of the triable issues of this Complaint.

Dated: Astoria, New York
   May 8, 2025

Respectfully submitted,

By: *<u>/s/ Clifford Tucker</u>*
  Clifford Tucker, Esq.
  Sacco & Fillas LLP
  3119 Newtown Ave, Seventh Floor,
  Astoria, NY 11102
  CTucker@SaccoFillas.com
  Ph: 718-269-2243